## DELANCEY *v.* BYRD.

[70 South. 702.]

SEDUCTION. *Right of parents. Action for damages. Bar by bastardy. Proceeding.*

A proceeding against a defendant for bastardy under Code 1906, chapter 15, which was settled by the payment of two hundred dollars to the prosecutrix did not bar an action by her father for damages for her seduction.

APPEAL from the circuit court of Harrison county.
HON. J. I. BALLINGER, Judge.

Suit by N. C. Delancey against J. W. Byrd. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Logan Scarborough* and *R. C. Cowan,* for appellant.

The court erred in sustaining said motion because plaintiff's right of action was based upon not only the loss of services and disgrace and shame that was brought upon his seduced daughter, but it was also based upon damages done to the family name and to his other minor children and we contend that the right of this plaintiff to sue for the seduction of his minor daughter could not be delegated and was not delegated to the minor daugh-

ter by section 719 of the Mississippi Code of 1906. In
the case of *Ellington* v. *Ellington,* 47 Miss. 329, the court
said: For the seduction and defilement of a minor daugh-
ter, the parent may recover for the wrong, because it
is his right and duty to protect the person and the mor-
als of his child, and so long as disability of non-age con-
tinues, he has *de jure,* the authority to control its per-
son and conduct its society and services.

This is an action in reality to punish the seducer in
damages, for the dishonor and disgrace which the out-
rage brings upon the parent and the rest of the family
and to delegate this to a minor daughter who did not un-
derstand that she had such a right would be taking away
from the parent that right and obligation, which is giv-
en him by the laws of society and of the country. We
quote from the opinion of the court on page 351 and 352
of the 47th Miss., 329, *Ellington* v. *Ellington*:

"The true relation of parent and child, is that of pro-
tection, nurture and education, on the one side, and de-
pendence, filial affection and obedience on the other. The
ties of nature are generally sufficient to enforce these
duties. Control over the child, so as to dispose of its
time, and labor, and person is necessary in order that
the parent may so train and guide his offspring, as that
it may be a virtue and (according to circumstances) a
useful and intelligent member of society. The family
is the oldest institution among men; out of the aggrega-
tion of these lesser communities, the state and the nation
is made up; whatever tarnishes the purity and honor
of the female member, whilst entailing disgrace and suf-
fering upon the family also in its effect is a public wrong.
That system of jurisprudence which punishes in dam-
ages the slightest aggression upon property, but denies
redress to the father, and if he be dead, to the mother,
for the defilement of an infant daughter 'except upon the
predicate of a loss of services," is at variance with the
sentiments and conscience of this age. So clamorously

has the injury inflicted upon the parental feelings, and the disgrace attached to the female, and reflected from her upon the family, pressed upon the judicial mind as a substantial injury for redress, that the court have, in case after case, so frittered away the technical gravaman of the action, that but little more now remains except the barren form. The remarks of an eminent judge are true, 'That this relation of master and servant is but a figment of the law to open the door for the redress of the real injury;' 'the parent comes into court as a master, he goes before the jury as a father.' "I have quoted considerable parts of the case just cited, which leads me to believe that it has at least some bearing on the case at bar and after summing up all of the records of this case, I firmly believe that the appellant made out a *prima-facie* case and sufficient to recover from the appellee, and in view of the decision in the case of *McCaughn* v. *Young,* I therefore insist that the court below erred in the ruling herein and respectfully submit the same.

*Mize & Mize* for appellee.

Under section 720 of the Code of 1906, when the daughter settled her claim against Byrd, that was a settlement in full of any claim by her father as the section above cited is that a recovery by the daughter is a bar to an action by her father, and the lower court could do nothing else than give the peremptory instruction. There was an agreed judgment for one hundred dollars in the bastardy case which judgment was entered up by the justice of the peace and which was settled as shown by the record, and then there was an agreed amount of two hundred dollars in the seduction cause which was paid by Byrd as shown by the record.

We therefore respectfully submit that the action of the court was correct and should be affirmed.

COOK, J., delivered the opinion of the court.

This is an action begun by appellant, the father of Alice Delancey, a minor, to recover from appellee damages for the seduction of his minor daughter. To this action appellee interposed the plea of "not guilty," and a special plea of accord and satisfaction. The record discloses that Alice Delancey had instituted bastardy proceedings against appellee, under chapter 15, Code of 1906, and that this suit was settled by paying to Alice two hundred dollars and this settlement was pleaded in bar of the present action. The trial court after hearing all of the evidence, directed the jury to return a verdict for defendant, which was done, and from this judgment of the court, plaintiff appeals.

The seduction was clearly established by plaintiff's evidence, and we assume that the trial court gave the peremptory instruction for defendant, because it was shown that the bastardy suit had been settled to the satisfaction of Alice, and this settlement was a bar to the present suit. We are of opinion that the bastardy proceedings were entirely different from and independent of the damages to the father of Alice, and a settlement in that case cannot serve as a bar to the present action. The right of the father to sue for damages for the defilement of his infant daughter is independent of the statutory remedy provided by chapter 15, Code of 1906.

"If the daughter be defiled by the person in whose family she resides as a member, or to whom she may be hired for wages, such person will be amenable in damages, on the idea of being a tort-feasor, from the perpetration of the injury, or because the wrongdoer shall not be permitted to plead that which was intended to be for the good of the child, as a justification for her ruin. In the case of a minor daughter, it is not necessary to prove a loss of service, or expense incurred. The father or mother (if he be dead), may stand upon the 'parental right to command them.' The value of the society or

services of a daughter consists very much in the inno-
cence and purity of her person and character, and are
greatly depreciated in consequence of her defilement,
which not unfrequently occasions their total loss." *El-
lington* v. *Ellington,* 47 Miss. 329.

*Reversed and remanded.*